**Jose M. GARCIA et al., Plaintiffs-Appellees,**

v.

**MONTECRISPI CIGAR CO., Inc., Defendant-Appellant.**

**No. 26559.**

United States Court of Appeals Fifth Circuit.

March 14, 1969.

**15**

Milton E. Grusmark and Natalie Baskin, Miami Beach, Fla., for defendant-appellant.

Stuart W. Patton, Clyde Trammell, Jr., Miami, Fla., Leslie D. Taggart, Albert Robin, New York City, for plaintiffs-appellees; Watson, Leavenworth, Kelton & Taggart, New York City, Patton & Kanner, Miami, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

The defendant-appellant Montecrispi Cigar Company, Inc. complains of the judgment of the United States District Court for the Southern District of Florida enjoining its use of the name "Montecrispi" and ordering that its trademark registration be cancelled. The case was tried before the court without a jury and the court made appropriate findings of fact and conclusions of law.

The case arose under the Trademark Act of July 5, 1946, as amended, commonly referred to as the Lanham Act, 15 U.S.C. § 1051 et seq. (1964). Jurisdiction is based on diversity of citizenship and also on 28 U.S.C. 1338 (1964), conferring jurisdiction on district courts in trademark and unfair competition cases.

The plaintiffs-appellees claimed to be owners in the United States of the trademark "MONTE CRISTO" for cigars and that name has been registered in the United States Patent Office since 1936. The trademark "Montecrispi" was registered much later, viz., in the year 1964. For some time the appellant has been using the name "Montecrispi" in its distribution and advertising in the promotion of sales of its cigars in interstate commerce in the United States. The appellees' factory, which manufactured Monte Cristo cigars, was expropriated by the Cuban government in 1960. Cigars made in that factory cannot be brought into the United States due to an embargo. The appellant claims that the trademark Monte Cristo has been abandoned.

The district court rejected the appellant's contentions and concluded that appellant's use of "Montecrispi" was likely to cause confusion, mistake and deception which might lead persons to believe that its products were the products of the appellees or in some manner connected with the products of the appellees. Accordingly, the court found that use of "Montecrispi" by the appellant was in violation of the trademark laws.[1] The district court also concluded, in view of the appellant's infringement, that an injunction should be granted and that appellant's trademark registration should be cancelled.

It is our considered opinion that the judgment of the trial court is just and correct and it is hereby affirmed.

1. 15 U.S.C. § 1114 (1964) provides certain civil remedies in infringement cases and, as applicable to this case, infringement is defined as follows:
   (1) Any person who shall, without the consent of the registrant—
   (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; * * *.